IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CRAIG CASTELLANOS, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:22-cv-02277 |
| | § | |
| KROGER TEXAS, L.P., | § | |
|     Defendant. | § | |

**DEFENDANT'S NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to the terms and provisions of 28 U.S.C. §§ 1441 and 1446, Defendant Kroger Texas, L.P. ("Kroger") in the cause styled "Craig Castellanos v. Kroger Texas, L.P." originally pending as Cause No. DC-22-06133 in the 193rd Judicial District Court of Dallas County, Texas, files this Notice of Removal of the cause to the United States District Court for the Northern District of Texas, Dallas Division.

**I.
BASIS FOR REMOVAL**

The basis of the removal of this action is diversity jurisdiction under 28 U.S.C. § 1332. In particular, diversity jurisdiction exists in this case because there is complete diversity of citizenship between the parties. Kroger is not a citizen of the State of Texas, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

**II.
DIVERSITY JURISDICTION**

Plaintiff, at the time of the initial filing of this action and at the current time of the removal of this action, was and is a citizen, resident, and domicile of the State of Texas.

Kroger Texas, L.P. at the time of the initial filing of this action and at the time of the removal of this action, was and is a limited partnership formed under the laws of Ohio.  The Kroger Co. is incorporated in Ohio, with its principal place of business in Ohio.  The Kroger Co. has never been a resident of, incorporated in, or had its principal place of business in the State of Texas.  The general partner of Kroger Texas L.P. is KRGP Inc., an Ohio corporation with its principal place of business in Ohio. The only limited partner is KRLP Inc., an Ohio corporation with its principal place of business in Ohio.  Neither KPGP Inc. nor KRLP Inc., the only two partners of Kroger Texas L.P., has ever been a resident of, incorporated in, or had its principal place of business in the State of Texas.

### III.
### FACTUAL BACKGROUND

Plaintiff claims that, on or about April 16, 2022, he was injured when he slipped and fell on a large pile of water on the floor.[1]  Plaintiff filed suit on June 7, 2022, in the in the 193rd Judicial District Court of Dallas County, Texas, alleging negligence and premises liability causes of action against Kroger.  Plaintiff seeks damages for past and future medical expenses, past and future pain, suffering and mental anguish, past and future physical impairment, past and future physical disfigurement, and past lost wages and future loss of earning capacity.[2]

### IV.
### THE AMOUNT IN CONTROVERSY

Kroger has attempted to ascertain the true amount in controversy.  Plaintiff's Original Petition states that, although the amount in controversy does not exceed $75,000.00, Plaintiff seeks monetary relief over $250,000.00 but not more than $1,000,000.00.[3]  On September 21,

---

[1] *See* Plaintiff's Original Petition, attached hereto as Tab 3.
[2] *Id*
[3] *Id*

2022, Kroger sent correspondence to Plaintiff requesting that he stipulate that his damages do not exceed $75,000.00, exclusive of interest and costs.[4] Plaintiff failed to respond agreeing he would so stipulate. Plaintiff's failure to stipulate raises the presumption that the amount in controversy in this case exceeds $75,000.00 exclusive of interest and costs, thereby invoking federal court jurisdiction.[5] Based on Plaintiff's failure to stipulate, the amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs.

## V.
## REMOVAL IS TIMELY

This removal is timely because it is filed "within thirty days after receipt, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained the case is one which is or has just become removable." 28 U.S.C. § 1446(b). Kroger first became aware this case was removable on or about September 30, 2022, when Plaintiff failed to stipulate she was seeking $75,000 or less. Accordingly, this removal is timely because it is made within thirty days after the receipt by Kroger of the document which first demonstrated the case was removable. Moreover, more than one year has not passed since the commencement of the action in state court on June 7, 2022. 28 U.S.C. § 1446(b).

---

[4] *See* September 21, 2022 correspondence from Christopher M. Blanton to Daspit Law Firm attached hereto as Tab 1.

[5] *See, e.g., Miranti v. Lee*, 3 F.3d 925 (5th Cir. 1993); *Cross v. Bell Helmets,* USA, 927 F. Supp 209 (E.D. Tex. 1996) ("The rule is extremely simple: If the plaintiff desires to stipulate damages less than [the jurisdictional amount], do so in the state court, and case will not be removable"); *Meier v. Coresource , Inc.*, 173 F.3d 429 (disposition table), 1999 WL 133255 at *1 (6th Cir. 1999) ("When [plaintiff] refused to stipulate that the maximum amount sought was $47,500, the district court was justified in concluding that the amount in controversy… was in excess of [federal jurisdictional limit]"); *Dowdy v. Allstate Prop. & Cas. Ins. Co.*, 2002 WL 31421929 (N.D. Tex. Oct. 21, 2002); *Heitman v. State Farm Mut. Auto. Ins. Co.*, 2002 WL 546756, *3 (N.D. Tex. Apr. 9, 2002) ("[plaintiff's] counsel would not enter into the stipulation. The refusal to stipulate that the amount in controversy does not exceed $75,000 indicates that the actual amount in controversy does exceed that sum"); *Del Real v. Healthsouth Corp.*, 171 F.Supp.2d 1041 (D. Ariz. 2001) (remand denied where plaintiff refused to stipulate damages below federal jurisdictional amount).

## VI.
## VENUE

Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the county in which the removed action has been pending.

## VII.
## PROCEDURAL REQUIREMENTS

Kroger filed with the Clerk of the 193rd Judicial District Court of Dallas County, Texas a Notice of Filing Notice of Removal to Federal Court simultaneously with the filing of this Notice of Removal.

Pursuant to Local Rule 81.1, the following documents are attached:

(1) September 21, 2022 correspondence from Christopher M. Blanton to Daspit Law Firm;

(2) State court docket sheet (as of October 11, 2022);

(3) Plaintiff's Original Petition (filed June 7, 2022);

(4) Defendant's Original Answer (filed June 29, 2022);

(5) Court's Notice of Initial Dismissal Hearing (Jun3 22, 2022); and

(6) Plaintiff's Notice of Filing Affidavits (filed August 19, 2022).

Also, in compliance with Local Rule 81.1, Defendant has filed the following documents with the Notice:

- Civil Cover Sheet;
- Supplemental Civil Cover Sheet; and
- Certificate of Interested Persons.

**WHEREFORE, PREMISES CONSIDERED,** Defendant respectfully prays that this case be removed to the United States District Court for the Northern District of Texas, Dallas Division.

Respectfully submitted,

*/s/ B. Kyle Briscoe*

**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Christopher M. Blanton**
State Bar No. 00796218
cblanton@peavlerbriscoe.com
**PEAVLER|BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
214-999-0550 (telephone)
214-999-0551 (fax)

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to and in accordance with the Federal Rules of Civil Procedure on October 11, 2022.

*/s/ B. Kyle Briscoe*
B. Kyle Briscoe