# EXHIBIT 1

**Exhibit 1**



**Chris M. Blanton**

cblanton@peavlerbriscoe.com
(817) 756-7696

September 21, 2022

***Via E-Service***

Kenneth Aube
Daspit Law Firm
600 N. Pearl Street, Suite·2205
Dallas, Texas 75201.

RE:     *Craig Castellanos v. Kroger Texas, L.P.;* Cause No. DC-22-06133; in the 193rd
          Judicial District Court of Dallas County, Texas.

Dear Mr. Aube:

The purpose of this correspondence is to request that Plaintiff stipulate that he is not seeking, ***and will not amend to seek in the future***, damages in excess of $75,000.00, exclusive of interest and costs.   Furthermore, in the event a jury awards more than $75,000.00 in damages, Plaintiff agrees to a remititur that establishes the total damages awarded to Plaintiff at $75,000.00, exclusive of interest and costs.

To the extent that Plaintiff's Original Petition specifically states that "Plaintiff seeks monetary relief over $250,000.00 but not more than $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorney's fees", this Rule 11 Agreement constitutes a stipulation reflecting the actual amount in controversy and modifies the jurisdictional allegations set forth in Plaintiff's Original Petition.

If Plaintiff agrees to the stipulation above, please execute this Rule 11 agreement below, and return same to me, no later than September 30, 2022.  If we do not receive the executed stipulation by September 30, 2022, we will assume for removal purposes, that Plaintiff seeks recovery in excess of $75,000, exclusive of interest and costs.

We look forward to your response.

Very truly yours,


  _/s/ Chris M. Blanton_
Chris M. Blanton

AGREED AND STIPULATED:


_____          _____
Kenneth Aube                                                    Date
Attorney for Plaintiff



CMB

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Chris Blanton on behalf of Chris Blanton
Bar No. 796218
cblanton@peavlerbriscoe.com
Envelope ID: 68480321
Status as of 9/21/2022 2:00 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| DLF Intake | | intake@daspitlaw.com | 9/21/2022 1:59:36 PM | SENT |
| Alma Lira | | Alira@proactivelegal.com | 9/21/2022 1:59:36 PM | SENT |
| Daspit Proactive Legal | | daspit@proactivelegal.com | 9/21/2022 1:59:36 PM | SENT |
| Kyle Briscoe | | kbriscoe@peavlerbriscoe.com | 9/21/2022 1:59:36 PM | SENT |
| Mark Forester | | mforester@peavlerbriscoe.com | 9/21/2022 1:59:36 PM | SENT |
| Liz Contreras | | econtreras@peavlerbriscoe.com | 9/21/2022 1:59:36 PM | SENT |
| Joanna Nava | | jnava@daspitlaw.com | 9/21/2022 1:59:36 PM | SENT |
| John Daspit | | e-service@daspitlaw.com | 9/21/2022 1:59:36 PM | SENT |
| Jaime Holder | | jholder@proactivelegal.com | 9/21/2022 1:59:36 PM | SENT |
| Kenneth Aube | | kaube@daspitlaw.com | 9/21/2022 1:59:36 PM | SENT |
| Chris M.Blanton | | cblanton@peavlerbriscoe.com | 9/21/2022 1:59:36 PM | SENT |
| Jennifer Renfro | | jrenfro@peavlerbriscoe.com | 9/21/2022 1:59:36 PM | SENT |

EXHIBIT 2

Exhibit 2

## Case Information

DC-22-06133 | CRAIG CASTELLANOS vs. KROGER TEXAS, L.P.

| Case Number | Court | Judicial Officer |
|---|---|---|
| DC-22-06133 | 193rd District Court | WHITMORE, BRIDGETT |
| File Date | Case Type | Case Status |
| 06/07/2022 | OTHER PERSONAL INJURY | OPEN |

## Party

PLAINTIFF
CASTELLANOS, CRAIG

Active Attorneys ▾
Attorney
DU, THOMPSON
Retained

Lead Attorney
AUBE, KENNETH
Retained

PLAINTIFF
Castellanos, Craig

Address
440 Louisiana St.
Suite 1400
Houston TX 77002

Active Attorneys ▾
Lead Attorney
DU, THOMPSON
Retained

DEFENDANT
KROGER TEXAS, L.P.

Address

Active Attorneys ▾
Lead Attorney
BRISCOE, B KYLE
Retained

REGISTERED AGENT CORPORATION SERVICE COMPANY
211 EAST 7TH STREET, SUITE 620
AUSTIN TX 78701-3218

## Events and Hearings

06/07/2022 NEW CASE FILED (OCA) - CIVIL

06/07/2022 ORIGINAL PETITION ▾

ORIGINAL PETITION

06/07/2022 ISSUE CITATION ▾

ISSUE CITATION

06/07/2022 REQUEST FOR SERVICE ▾

REQUEST FOR PROCESS

06/22/2022 CITATION▾

Served
06/22/2022

Anticipated Server
ESERVE

Anticipated Method
Actual Server
OUT OF COUNTY

Returned
06/28/2022
Comment
KROGER TEXAS, L.P.

06/28/2022 RETURN OF SERVICE ▾

Comment
EXECUTED CITATION - KROGER TEXAS, L.P.

06/29/2022 ORIGINAL ANSWER - GENERAL DENIAL ▾

ORIGINAL ANSWER

07/22/2022 DISMISSAL FOR WANT OF PROSECUTION ▾

193RD Initial Dismissal Notice

Judicial Officer
WHITMORE, BRIDGETT

Hearing Time
1:30 PM

08/19/2022 AFFIDAVIT ▾

NOTICE OF FILING BUSINESS RECORDS AFFIDAVITS

Comment
NOTICE OF FILING BUSINESS RECORDS AFFIDAVITS

## Financial

CASTELLANOS, CRAIG

| | | | | |
|---|---|---|---|---|
| Total Financial Assessment | | | | $358.00 |
| Total Payments and Credits | | | | $358.00 |
| 6/13/2022 | Transaction Assessment | | | $358.00 |
| 6/13/2022 | CREDIT CARD - TEXFILE (DC) | Receipt # 35144-2022-DCLK | CASTELLANOS, CRAIG | ($221.00) |
| 6/13/2022 | STATE CREDIT | | | ($137.00) |

## Documents

REQUEST FOR PROCESS

ORIGINAL PETITION

ISSUE CITATION

193RD Initial Dismissal Notice

ORIGINAL ANSWER

NOTICE OF FILING BUSINESS RECORDS AFFIDAVITS

# EXHIBIT 3

**Exhibit 3**



# Notice of Service of Process

| Primary Contact: | Venessa C. Wickline Gribble |
| --- | --- |
| | The Kroger Co. |
| | 1014 Vine Street |
| | Cincinnati, OH 45202-1100 |

| | |
| --- | --- |
| **Entity:** | Kroger Texas L.P. |
| | Entity ID Number  2172000 |
| **Entity Served:** | Kroger Texas, L.P. |
| **Title of Action:** | Craig Castellanos vs. Kroger Texas, L.P. |
| **Matter Name/ID:** | Craig Castellanos vs. Kroger Texas, L.P. (12485917) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Dallas County District Court, TX |
| **Case/Reference No:** | DC-22-06133 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 06/22/2022 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Daspit Law Firm |
| | 469-206-8210 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

FORM NO. 353-3—CITATION

8478-1

THE STATE OF TEXAS

**ESERVE**

# CITATION

To: **KROGER TEXAS, L.P.**
**REGISTERED AGENT CORPORATION SERVICE COMPANY**
**211 EAST 7TH STREET SUITE 620**
**AUSTIN TX 78701-3218**

No.: **DC-22-06133**

**GREETINGS:**

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **193rd District Court** at 600 Commerce Street, Dallas, Texas 75202.

Said Plaintiff being **CRAIG CASTELLANOS**

Filed in said Court **7th day of June, 2022** against

**KROGER TEXAS, L.P.**

For Suit, said suit being numbered **DC-22-06133,** the nature of which demand is as follows: Suit on **OTHER PERSONAL INJURY** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas. Given under my hand and the Seal of said Court at office on this the **22nd day of June, 2022**

ATTEST: FELICIA PITRE,
Clerk of the District Courts of Dallas County, Texas

By_____,Deputy
**ALEJANDRA HERNANDEZ**

**CRAIG CASTELLANOS**
**vs.**
**KROGER TEXAS, L.P.**

**ISSUED**
**on this the 22nd day of June, 2022**

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

By: **ALEJANDRA HERNANDEZ,**
Deputy

**Attorney for Plaintiff**
**KENNETH AUBE**
**600 N PEARL ST SUITE 2205**
**DALLAS TX 75201**
214-307-6226
E-SERVICE@DASPITLAW.COM
**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

DELIVERED: 6/22/22 By:

CTH: 6/22/22 at 2:20 PM

1 CIT ESERVE

9/7/2022 3:45 PM
FELICIA PITRI
DISTRICT CLERK
DALLAS CO., TEXAS
Paula Mountique DEPUTY

DC-22-06133

**CAUSE NO. _____**

| | | |
|---|---|---|
| **CRAIG CASTELLANOS** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **KROGER TEXAS, L.P.,** | § | |
| | § | 193rd |
| *Defendant.* | § | **_____ JUDICIAL DISTRICT** |

**PLAINTIFF'S ORIGINAL PETITION**

Plaintiff, Craig Castellanos (hereinafter, "Plaintiff") complains of Defendant, Kroger Texas, L.P., (hereinafter, "Defendant"), and would respectfully show the Court that:

**Discovery Control Plan**

1.      Plaintiff intends to conduct discovery in this matter under Level 3 of the Texas Rules of Civil Procedure.

**Jurisdiction and Venue**

2.      The claims asserted arise under the common law of Texas. This Court has jurisdiction and venue is proper because all or a substantial part of the events or omissions giving rise to the claim occurred in Dallas County, Texas.

**Statement Regarding Monetary Relief Sought**

3.      Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief over $250,000.00 but not more than $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorney's fees and judgment for all other relief to which Plaintiff is justly entitled. Plaintiff expressly reserves the right to amend this Rule 47 statement of relief if necessary. Plaintiff further pleads that the amount in controversy in this matter does not exceed $75,000.00.

### Parties

4.      Plaintiff is an individual residing in Dallas County, Texas.

5.      Defendant, Kroger Texas, L.P. (hereinafter "Defendant"), is a domestic corporation engaged in business in Dallas County, Texas. Defendant may be served with process by serving its registered agent, Corporation Service Company, at 211 East 7th Street, Suite 620, Austin TX 78701-3218.

### Misnomer and Alter Ego

6.      In the event that any parties are misnamed or not included herein, it is Plaintiff's contention that such was a misnomer and/or such parties are/were alter egos of parties names herein. Specifically, it is Plaintiff's intent to bring suit against the owners and/or operators of Kroger Texas, L.P.

### Facts

7.      This lawsuit is necessary as a result of personal injuries that Plaintiff received on or about April 16, 2022. At that time, Plaintiff was an invitee at Defendant's store at 1919 Faithon P Lucas Sr Blvd, Mesquite, TX 75181. Plaintiff was walking through the Defendant's store when he slipped in a large pile of water on the floor. The fall caused the Plaintiff to suffer severe injuries. There were no warning signs present or any other signs of caution near the area where the incident occurred. Plaintiff was not aware of the dangerous and defective condition.

8.      At the time of the incident in question, Plaintiff was an invitee of the Defendant. Defendant knew or should have known of the unreasonably dangerous condition and neither corrected nor warned Plaintiff of it. Plaintiff did not have any knowledge of the dangerous condition and could not have reasonably been expected to discover it. Defendant either created the condition and/or failed to correct the condition or to warn Plaintiff about the dangerous condition, which constituted

negligence, and such negligence was a proximate cause of the occurrence in question and

Plaintiff's resulting injuries.

9.      Plaintiff would show that, based on the above-described facts, Defendant was negligent.

Defendant, as occupier and owner of the premises, with control over the premises, had a duty to

inform Plaintiff of the dangerous condition and make safe the defective condition existing on

Defendant's premises.

10.     Defendant is liable to Plaintiff under the theory of premises liability based on the following

negligent conduct:

        a.   Failure to maintain the premises, including floor and walkways, in a reasonably
             safe condition;

        b.   Failure to inspect the premises where the dangerous condition existed;

        c.   Failure to correct the condition by taking reasonable measure to safeguard persons
             who entered the premises;

        d.   Failure to inform Plaintiff of the dangerous condition existing on the premises;

        e.   Other acts deemed negligent.

11.     Each of the foregoing negligent acts and/or omissions, whether taken singularly or in any

combination, was a proximate cause of Plaintiff's injuries and damages that are described below.

12.     Defendant was also negligent in that it failed to act as a reasonably prudent premise owner

would act in the same or similar situation.

**Damages**

13.     As a result of these acts or omissions, Plaintiff sustained damages recognizable by law.

14.     By virtue of the actions and conduct of Defendant as set forth above, Plaintiff was seriously

injured and is entitled to recover the following damages:

        a.   Past and future medical expenses;

    b.   Past and future pain, suffering and mental anguish;

    c.   Past and future physical impairment;

    d.   Past and future physical disfigurement; and

    e.   Past lost wages and future loss of earning capacity.

15.    By reason of the above, Plaintiff is entitled to recover damages from Defendant in an

amount within the jurisdictional limits of this Court, as well as pre and post-judgment interest.

### Duty to Disclose

16.    Pursuant to 194, Tex. R. Civ. P. exempted by Rule 194.2(d), Defendant must, without

awaiting a discovery request, provide to Plaintiff the information or material described in Rule

194.2, Rule 194.3, and Rule 194.4.

### Initial Disclosures

17.    Pursuant to Rule 194, Tex. R. Civ. P., Defendant must, without awaiting a discovery

request, provide information or materials described in Texas Rule of Civil Procedure 194.2 in

Defendant's initial disclosure at or within 30 days after the filing of the first answer. Copies of

documents and other tangible things must be served with Defendant's response.

### Rule 193.7 Notice

18.    Plaintiff hereby gives actual notice to Defendant that any and all documents produced may

be used against Defendant at any pre-trial proceeding and/or at trial of this matter without the

necessity of authenticating the documents.

### Prayer

Plaintiff prays that this citation issue and be served upon Defendant in a form and manner

prescribed by law, requiring that Defendant appear and answer, and that upon final hearing,

Plaintiff have judgment against Defendant in a total sum in excess of the minimum jurisdictional

limits of this Court, plus pre-judgment and post judgment interests, all costs of Court, and all such

other and further relief, to which he may be justly entitled.

Respectfully Submitted,

**DASPIT LAW FIRM**

*/s/ Kenneth Aube*
Kenneth Aube
Texas State Bar No. 24127226
600 N. Pearl Street, Suite 2205
Dallas, Texas 75201
Telephone: (469) 206-8210
Facsimile: (713) 587-9086
E-Service E-mail: e-service@daspitlaw.com

**ATTORNEY FOR PLAINTIFF**

5

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Joanna Nava on behalf of John Daspit
Bar No. 24048906
jnava@daspitlaw.com
Envelope ID: 65214967
Status as of 6/13/2022 11:56 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Joanna Nava | | jnava@daspitlaw.com | 6/7/2022 3:45:04 PM | SENT |
| Kenneth Aube | | kaube@daspitlaw.com | 6/7/2022 3:45:04 PM | SENT |
| Jaime Holder | | jholder@proactivelegal.com | 6/7/2022 3:45:04 PM | SENT |
| Alma Lira | | Alira@proactivelegal.com | 6/7/2022 3:45:04 PM | SENT |
| DLF Intake | | intake@daspitlaw.com | 6/7/2022 3:45:04 PM | SENT |
| John Daspit | | e-service@daspitlaw.com | 6/7/2022 3:45:04 PM | SENT |
| Daspit Proactive Legal | | daspit@proactivelegal.com | 6/7/2022 3:45:04 PM | SENT |

# EXHIBIT 4

**Exhibit 4**

FILED
6/29/2022 4:41 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Scott Anders DEPUTY

Case 3:22-cv-02277-S   Document 1-2   Filed 10/11/22   Page 20 of 39   PageID 26

CAUSE NO. DC-22-06133

| | | |
|---|---|---|
| CRAIG CASTELLANOS, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | 193rd JUDICIAL DISTRICT |
| | § | |
| KROGER TEXAS, L.P., | § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

---

## DEFENDANT'S ORIGINAL ANSWER

COMES NOW Defendant Kroger Texas L.P. (hereafter "Defendant"), filing its Original Answer, and, in support thereof, would respectfully show the Court as follows:

### I.
### GENERAL DENIAL

1.     Defendant denies each and every material allegation contained in Plaintiff's Original Petition, demands strict proof thereof, and to the extent that such matters are questions of fact, says Plaintiff should prove such facts by a preponderance of the evidence to a jury if he can so do.

### II.
### DEFENSES

2.     Defendant specifically denies Plaintiff's allegations that it was negligent in any respect, and Defendant denies that its alleged acts or omissions proximately caused Plaintiff's alleged damages.

3.     Defendant claims that Plaintiff failed to use that degree of care and caution as would have been used by a reasonable person under the same or similar circumstances, thereby producing or proximately causing Plaintiff's alleged damages, if any.  Such acts or omissions of Plaintiff were the sole proximate cause of Plaintiff's alleged damages, if any, as Plaintiff should

have kept a proper lookout for her own safety and avoided the alleged unreasonably dangerous condition.

4.     To the extent applicable, Defendant may show that the acts or omissions of third persons not under the control of Defendant were the sole, producing, or proximate cause of Plaintiff's damages or injuries, if any.

5.     Defendant asserts that it had neither actual nor constructive knowledge of the condition about which Plaintiff complains and that, in any event, the alleged hazard was not "unreasonably dangerous."

6.     Defendant may further show that the damages of which Plaintiff complains, if any, were the result of prior, pre-existing, or subsequent injuries, accidents or conditions, and said prior, pre-existing, or subsequent injuries, accidents, or conditions were the sole or a contributing cause of Plaintiff's damages, if any.

7.     Defendant may further show that Plaintiff breached his duty to mitigate damages by failing to exercise reasonable care and diligence to avoid loss and minimize the consequences of damages.

8.     Defendant may further show that the accident complained of was an unavoidable accident as that term is known in law.

9.     Defendant respectfully requests that the factfinder allocate responsibility, if any, among all parties, settling parties, and responsible third parties, in accordance with Chapters 32 and 33 of the Texas Civil Practice and Remedies Code.

10.     Defendant further asserts that any claims for medical or health care expenses incurred are limited to the amount actually paid or incurred by or on behalf of Plaintiff pursuant to Texas Civil Practice and Remedies Code § 41.0105.

11.     Defendant asserts that it is entitled to contribution, indemnity, and all available credits as provided for in the Texas Civil Practice and Remedies Code and under Texas law, in the unlikely event that an adverse judgment is rendered against it in this matter.

12.     Defendant contends that, pursuant to § 18.091 of the Texas Civil Practice & Remedies Code, to the extent Plaintiff is seeking a recovery for loss of earnings, lost wages, loss of earning capacity and/or loss of contributions of pecuniary value, evidence of this alleged loss must be presented by Plaintiff in the form of a net loss after reduction for income tax payments, or unpaid tax liability to any federal income tax law.

### III.
### PRAYER

Defendant respectfully prays that Plaintiff take nothing by this cause of action, that Defendant be permitted to recover the costs expended on its behalf, and for such other and further relief to which Defendant may show itself justly entitled, in law or in equity.

Respectfully submitted,

/s/ B. Kyle Briscoe

**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Christopher M. Blanton**
State Bar No. 00796218
cblanton@peavlerbriscoe.com
**PEAVLER|BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
214-999-0550 (telephone)
214-999-0551 (fax)

**ATTORNEYS FOR DEFENDANT**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to and in accordance with the Texas Rules of Civil Procedure on June 29, 2022.

/s/ B. Kyle Briscoe
**B. Kyle Briscoe**

**Automated Certificate of eService**
This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Bryan Briscoe on behalf of Bryan Briscoe
Bar No. 24069421
kbriscoe@peavlerbriscoe.com
Envelope ID: 65905166
Status as of 6/30/2022 8:03 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| DLF Intake | | intake@daspitlaw.com | 6/29/2022 4:41:16 PM | SENT |
| Alma Lira | | Alira@proactivelegal.com | 6/29/2022 4:41:16 PM | SENT |
| Daspit Proactive Legal | | daspit@proactivelegal.com | 6/29/2022 4:41:16 PM | SENT |
| Jaime Holder | | jholder@proactivelegal.com | 6/29/2022 4:41:16 PM | SENT |
| Joanna Nava | | jnava@daspitlaw.com | 6/29/2022 4:41:16 PM | SENT |
| John Daspit | | e-service@daspitlaw.com | 6/29/2022 4:41:16 PM | SENT |
| Kenneth Aube | | kaube@daspitlaw.com | 6/29/2022 4:41:16 PM | SENT |
| Kyle Briscoe | | kbriscoe@peavlerbriscoe.com | 6/29/2022 4:41:16 PM | SENT |
| Chris M.Blanton | | cblanton@peavlerbriscoe.com | 6/29/2022 4:41:16 PM | SENT |
| Mark Forester | | mforester@peavlerbriscoe.com | 6/29/2022 4:41:16 PM | SENT |
| Liz Contreras | | econtreras@peavlerbriscoe.com | 6/29/2022 4:41:16 PM | SENT |

# EXHIBIT 5

**Exhibit 5**



DC-22-06133

CRAIG CASTELLANOS              IN THE DISTRICT COURT

vs.                             193RD JUDICIAL DISTRICT

KROGER TEXAS, L.P.            DALLAS COUNTY TEXAS

## NOTICE OF INITIAL DISMISSAL HEARING

Counsel or Pro Se Plaintiff:

This case is set for a hearing on the Initial Dismissal Docket, as per Tex. R. Civ. P. 165a, for **THURSDAY**, **July 22, 2022,** at 1:30 p.m. in the 193rd District Court Courtroom.

1.     If no Defendant has been served as evidenced by no return of citation having been filed with the court on or before the Dismissal Hearing, the case is subject to being dismissed at the Dismissal Hearing;

2.     If service has been made on a Defendant, but no answer has been filed (and any such answer is past due before the Dismissal Hearing Date), you must obtain a default judgment on or before the Dismissal Hearing, or the case is subject to being dismissed at the Dismissal Hearing.  You are encouraged to submit requests for default by submission with affidavit.

3.     If service on at least one Defendant has been made and the citation been returned to the Court before the Dismissal Hearing, but the time to file an answer has not yet expired, then the Dismissal Hearing should be reset.  Please contact the Court Administrator to obtain reset. You are expected to obtain a default judgment before the reset date of the Dismissal Hearing/Status Conference, or the case is subject to being dismissed.

4.     If an answer is filed on or before the Dismissal Hearing, the case will be referred to the Court Coordinator to be set for trial, if not already set.

SIGNED this June 22, 2022

_____

The Honorable Bridgett N. Whitmore,
193rd Judicial District Court

# EXHIBIT 6

**Exhibit 6**

FILED
8/19/2022 1:07 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Scott Anders DEPUTY

## CAUSE NO. DC-22-06133

| | | |
|---|---|---|
| CRAIG CASTILLO | § | IN THE DISTRICT COURT OF |
| | § | |
| *PLAINTIFF,* | § | |
| | § | |
| V. | § | DALLAS COUNTY, TEXAS |
| | § | |
| KROGER TEXAS. LP | § | |
| | § | |
| *DEFENDANT.* | § | 193RD JUDICIAL DISTRICT |

## PLAINTIFF CRAIG CASTILLO NOTICE OF FILLING BUSINESS RECORD AFFIDAVITS

You are hereby notified that Plaintiff has filed in the above-entitled and numbered cause the following business record affidavits:

1.  Affidavit of Amy Lopez, Custodian of Records for Memorial MRI dated June 2, 2022 (Medical);

2.  Affidavit of Amy Lopez, Custodian of Records for Memorial MRI dated June 2, 2022 (Billing);

3.  Affidavit of Arely Salinas, Custodian of Records for Waltham Consultants P.A. dated May 24, 2022 (Medical);

4.  Affidavit of Arely Salinas, Custodian of Records for Waltham Consultants P.A. dated May 24, 2022 (Billing);

These records will be offered in evidence at the trial of the captioned cause.

Pursuant to Rule 902(10)(a) of the Texas Rules of Evidence, these records will be made available by counsel for Plaintiff for inspection and copying at the expense of the person desiring the copies. In addition, Pursuant to Rule 902(10)(a) of the Texas Rules of Evidence these affidavits are being filed with the clerk of the court at least fourteen days before the day on which evidence is to be presented at the trial of the captioned cause.

Respectfully submitted,

**DASPIT LAW FIRM**

*/s/ Kenneth Aube*
**Kenneth Aube**
State Bar Number: 24127226
600 North Pearl Street, Suite 2205
Dallas, Texas 75201
Telephone: 469.206.8210
Facsimile: 713.587.9086
E-mail: e-service@daspitlaw.com

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that as true and correct copy of the foregoing document has been served in compliance with Rules 21 and 21a of the Texas Rules of Civil Procedure on this 19th day of August 2022.

*Via E-mail:* kbriscoe@peavlerbriscoe.com cblanton@peavlerbriscoe.com
B. Kyle Briscoe
State Bar No. 24069421

Christopher M. Blanton
State Bar No. 00796218

PEAVLER | BRISCOE
2215 Westgate Plaza
Grapevine, Texas 76051
Telephone: 214-999-0550
Facsimile: 214-999-0551

**ATTORNEY FOR DEFENDANT**

*/s/ Kenneth Aube*
**Kenneth Aube**

# EXHIBIT 1

## MEDICAL RECORDS AFFIDAVIT

**Records Pertaining To:**   CRAIG CASTELLANOS
**DOB:** 05/31/1984
**SSN:**   XXX-XX-
**DOI:**  04/16/2022

Before me, the undersigned authority, personally appeared ___AMY LOPEZ_____, who, being by me duly sworn, deposed as follows:

I am of sound mind and capable of making this sworn statement. I have personal knowledge of the facts written in this statement.

I am the custodian of records of ___MRI Centers of Texas_____ and am familiar with the manner in which its records are created and maintained by virtue of my duties and responsibilities.

Attached are __6___ pages of records. These are the original records or exact duplicates of the original records. The records were made at or near the time of each act, event, condition, opinion, or diagnosis set forth.  The records were made by, or from information transmitted by, persons with knowledge of the matters set forth.  The records were kept in the course of regularly conducted business activity. It is the regular practice of the business activity to make the records.

_Amy Lopez_____
AFFIANT (Custodian of Records)

Sworn to and subscribed before me on the __02___ day of __JUNE_____, 20__22_____ .

_____
NOTARY PUBLIC

# EXHIBIT 2

**BILLING RECORDS AFFIDAVIT**

**Records Pertaining To:** CRAIG CASTELLANOS
                       **DOB:**
                       **SSN:** XXX-XX-
                       **DOI:** 04/16/2022

Before me, the undersigned authority, personally appeared AMY LOPEZ , who, being by me duly sworn, deposed as follows:

I am of sound mind and capable of making this sworn statement. I have personal knowledge of the facts written in this statement.

I am the custodian of records of MRI Centers of Texas and am familiar with the manner in which its records are created and maintained by virtue of my duties and responsibilities.

Attached are 2 pages of records. These are the original records or exact duplicates of the original records. The records were made at or near the time of each act, event, condition, opinion, or diagnosis set forth.  The records were made by, or from information transmitted by, persons with knowledge of the matters set forth.  The records were kept in the course of regularly conducted business activity. It is the regular practice of the business activity to make the records.

On the dates indicated on the attached records, MRI Centers of Texas provided services to CRAIG CASTELLANOS . An itemized statement of the services and the charges for the services is attached to this affidavit and is part of this affidavit.

The services provided by MRI Centers of Texas were necessary and the amount charged for the services was reasonable at the time and place that the services were provided.  The total amount paid for the services was $ 0.00 , and the amount currently unpaid but which MRI Centers of Texas has a right to be paid after any adjustments or credits is $ 7275.00 .

_____
AFFIANT (Custodian of Records)

Sworn to and subscribed before me on the 02 day of JUNE , 20 22 .

_____
NOTARY PUBLIC

# EXHIBIT 3

## MEDICAL RECORDS AFFIDAVIT

**Records Pertaining To:** CASTELLANOS, CRAIG
> **DOB:**
> **SSN:**
> **DOI:**

Before me, the undersigned authority, personally appeared Arely Salinas _____, who, being by me duly sworn, deposed as follows:

I am of sound mind and capable of making this sworn statement. I have personal knowledge of the facts written in this statement.

I am the custodian of records of Waltham Consultants P.A and am familiar with the manner in which its records are created and maintained by virtue of my duties and responsibilities.

Attached are __5__ pages of records. These are the original records or exact duplicates of the original records. The records were made at or near the time of each act, event, condition, opinion, or diagnosis set forth.  The records were made by, or from information transmitted by, persons with knowledge of the matters set forth.  The records were kept in the course of regularly conducted business activity. It is the regular practice of the business activity to make the records.

_____
AFFIANT (Custodian of Records)

Sworn to and subscribed before me on the _24_ day of _____May_____, 20_22_.

_____
NOTARY PUBLIC

MICHELLE GONZALEZ
My Notary ID # 128301755
Expires June 17, 2022

# EXHIBIT 4

**BILLING RECORDS AFFIDAVIT**

**Records Pertaining To:** CASTELLANOS, CRAIG
               **DOB:** ███████
               **SSN:**
               **DOI:**

Before me, the undersigned authority, personally appeared Arely Salinas, who, being by me duly sworn, deposed as follows:

I am of sound mind and capable of making this sworn statement. I have personal knowledge of the facts written in this statement.

I am the custodian of records of Waltham Consultants P.A and am familiar with the manner in which its records are created and maintained by virtue of my duties and responsibilities.

Attached are 1 pages of records. These are the original records or exact duplicates of the original records. The records were made at or near the time of each act, event, condition, opinion, or diagnosis set forth. The records were made by, or from information transmitted by, persons with knowledge of the matters set forth. The records were kept in the course of regularly conducted business activity. It is the regular practice of the business activity to make the records.

On the dates indicated on the attached records, Waltham Consultants P.A provided services to CASTELLANOS, CRAIG. An itemized statement of the services and the charges for the services is attached to this affidavit and is part of this affidavit.

The services provided by Waltham Consultants P.A were necessary and the amount charged for the services was reasonable at the time and place that the services were provided. The total amount paid for the services was $0.00, and the amount currently unpaid but which Waltham Consultants P.A has a right to be paid after any adjustments or credits is $975.00.

_____
AFFIANT (Custodian of Records)

Sworn to and subscribed before me on the 2U day of May, 20 22.

_____
Michelle Gonzalez
NOTARY PUBLIC

MICHELLE GONZALEZ
My Notary ID # 128301755
Expires June 17, 2022

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Shina Forsyth on behalf of John Daspit
Bar No. 24048906
sforsyth@daspitlaw.com
Envelope ID: 67476960
Status as of 8/19/2022 3:25 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| DLF Intake | | intake@daspitlaw.com | 8/19/2022 1:07:38 PM | SENT |
| Alma Lira | | Alira@proactivelegal.com | 8/19/2022 1:07:38 PM | SENT |
| Daspit Proactive Legal | | daspit@proactivelegal.com | 8/19/2022 1:07:38 PM | SENT |
| Kyle Briscoe | | kbriscoe@peavlerbriscoe.com | 8/19/2022 1:07:38 PM | SENT |
| Mark Forester | | mforester@peavlerbriscoe.com | 8/19/2022 1:07:38 PM | SENT |
| Jaime Holder | | jholder@proactivelegal.com | 8/19/2022 1:07:38 PM | SENT |
| Joanna Nava | | jnava@daspitlaw.com | 8/19/2022 1:07:38 PM | SENT |
| John Daspit | | e-service@daspitlaw.com | 8/19/2022 1:07:38 PM | SENT |
| Kenneth Aube | | kaube@daspitlaw.com | 8/19/2022 1:07:38 PM | SENT |
| Chris M.Blanton | | cblanton@peavlerbriscoe.com | 8/19/2022 1:07:38 PM | SENT |
| Liz Contreras | | econtreras@peavlerbriscoe.com | 8/19/2022 1:07:38 PM | SENT |
| Remigio DiMarco | | RDimarco@PeavlerBriscoe.com | 8/19/2022 1:07:38 PM | SENT |