# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| CRAIG CASTELLANOS | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:22-CV-2277-S |
| | § | |
| KROGER TEXAS, L.P. | § | |

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Plaintiff Craig Castellanos's Motion for Remand ("Motion") [ECF No. 11]. The Court has reviewed and considered the Motion, Defendant Kroger Texas, L.P.'s Response to Plaintiff's Motion to Remand [ECF No. 12], Defendant's Brief in Support of Defendant's Response to Plaintiff's Motion to Remand ("Defendant's Brief") [ECF No. 13], and Defendant's Appendix in Support of Its Response to Plaintiff's Motion to Remand ("Defendant's Appendix") [ECF Nos. 13-1, 13-2]. For the following reasons, the Court **GRANTS** the Motion.

### I. BACKGROUND

On June 7, 2022, Plaintiff filed suit against Defendant in the 193rd Judicial District Court of Dallas County, Texas, to recover for injuries sustained in a slip and fall. Pl.'s Original Pet. ("Pet.") [ECF No. 1-2] ¶ 7. Plaintiff alleges that while walking through a Kroger store in Mesquite, Texas, he "slipped in a large pile of water on the floor" and "suffer[ed] severe injuries." *Id.* For his unspecified medical expenses, mental anguish, physical impairment, and physical disfigurement, among other things, Plaintiff sought "monetary relief over $250,000.00 but not more than $1,000,000.00." *Id.* ¶¶ 3, 14. Despite stating that he sought at least $250,000, Plaintiff also pleaded that "the amount in controversy in this matter does not exceed $75,000.00." *Id.* ¶ 3.

Defendant removed the case and asserts that the Court has subject-matter jurisdiction because the parties are diverse and the amount in controversy exceeds $75,000. Notice of Removal

[ECF No. 1] 1. In its Notice of Removal, Defendant noted Plaintiff's contradictory pleadings regarding the amount in controversy and stated that Defendant attempted to ascertain the true amount in controversy by sending Plaintiff a request to stipulate that his damages do not exceed $75,000. *Id.* at 2-3. Plaintiff did not respond to that request. *Id.* at 3. Subsequently, Plaintiff filed the instant Motion, arguing that the amount in controversy does not exceed $75,000.

## II. LEGAL STANDARD

Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the district court embracing the place where such action is pending. 28 U.S.C. § 1441(a). "Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks and citation omitted). A federal court must presume that a case lies outside its limited jurisdiction, and the party asserting jurisdiction bears the burden of establishing the contrary. *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 257 (5th Cir. 2014) (citation omitted). Because removal raises significant federalism concerns, the removal statute is strictly construed, and any doubt about the propriety of removal jurisdiction is resolved in favor of remand. *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007) (citations omitted). The two principal bases upon which a district court may exercise removal jurisdiction are: (1) the existence of a federal question, *see* 28 U.S.C. § 1331; and (2) complete diversity of citizenship among the parties, *see* 28 U.S.C. § 1332.

When a suit is removed on the basis of diversity, the removing party must establish by a preponderance of the evidence that: (1) the amount in controversy exceeds $75,000; and (2) all persons on one side of the controversy are citizens of different states than all persons on the other side of the controversy. *Frye v. Anadarko Petroleum Corp.*, 953 F.3d 285, 293 (5th Cir. 2019) (citation omitted); *see also New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th

2

Cir. 2008) ("The party seeking to assert federal jurisdiction . . . has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists."). "[D]iversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court." *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996).

### III.    ANALYSIS

#### A.    *Diversity of Citizenship*

According to the Notice of Removal, the parties are diverse because Plaintiff is a Texas citizen and Defendant is an Ohio citizen. Notice of Removal 1-2. Specifically, Defendant asserts that Plaintiff is a "citizen, resident, and domicile" of Texas, *id.* at 1, and that Defendant is an Ohio citizen because its sole general partner, KRGP Inc., and its sole limited partner, KRLP Inc., are Ohio corporations with their principal places of business in Ohio, *id.* at 2. *See Coury*, 85 F.3d at 249 ("A United States citizen who is domiciled in a state is a citizen of that state."); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (stating that the citizenship of a limited partnership is that of each of its partners and that the citizenship of a corporation is each state in which it is incorporated and in the state in which it has its principal place of business (citation omitted)). Therefore, the diversity of citizenship requirement is met.

#### B.    *Amount in Controversy*

In the Petition, which was the operative pleading at the time of removal, Plaintiff stated both that he sought over $250,000 and that the amount in controversy did not exceed $75,000. Pet. ¶ 3. After removal, Plaintiff filed the Motion, in which he argues that the amount in controversy does not exceed $75,000. Mot. 1. According to Plaintiff, the Court should remand the case because "Plaintiff has stated $75,000 as a maximum amount of damages sought in his live pleading" and because Defendant has no evidence that the amount in controversy exceeds $75,000. *Id.* ¶¶ 13, 17. In response, Defendant asserts that the Court has subject-matter jurisdiction because: (1) Plaintiff

3

pleaded in his Petition that he seeks more than $250,000; (2) Plaintiff did not stipulate that he is seeking $75,000 or less; and (3) Defendant has produced sufficient evidence that the amount in controversy exceeds $75,000. Def.'s Br. ¶¶ 8, 10.

The amount in controversy is determined as of the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (citation omitted). "Moreover, once the district court's jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction." *Id.* (citations omitted). To determine whether the amount in controversy requirement is met, courts first look to whether the plaintiff has alleged a specific amount of damages in the petition. *See De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). "Where the plaintiff has alleged a sum certain that exceeds the requisite amount in controversy, that amount controls if made in good faith." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (citation omitted). "[W]hen the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." *Id.* at 1335 (quoting *De Aguilar*, 11 F.3d at 58).

The removing defendant can meet its burden in one of two ways. First, the defendant's burden is met if it is facially apparent from the petition that the plaintiff's claims exceed $75,000. *Id.* Second, if the facially apparent test is not met, the removing defendant may provide "summary-judgment-type" evidence to prove that the claims exceed the jurisdictional threshold. *Id.* at 1336. Once the defendant establishes that the amount in controversy exceeds $75,000, removal is proper unless the plaintiff shows that it is "legally certain" the plaintiff's recovery will not exceed the jurisdictional amount. *See In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 387 (5th Cir. 2009) (citation omitted).

Texas Rule of Civil Procedure 47 requires plaintiffs to categorize their damages within one of five predefined ranges. At the time Plaintiff filed his Petition, Rule 47 required the selection of one of the following categories of monetary relief:

> (1) only monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney fees and costs;
>
> (2) monetary relief of $250,000 or less and non-monetary relief;
>
> (3) monetary relief over $250,000 but not more than $1,000,000;
>
> (4) monetary relief over $1,000,000; or
>
> (5) only non-monetary relief[.]

TEX. R. CIV. P. 47(c)(1)-(5). Though Plaintiff claims that the Petition states that he "seeks monetary relief of *no more* than $250,000.00," Mot. ¶ 12, this assertion is contradicted by the Petition. The Petition confirms that Plaintiff chose the range set forth in Rule 47(c)(3)—"over $250,000.00 but not more than $1,000,000.00." Pet. ¶ 3. Because Plaintiff alleged a non-specific range of damages, Defendant must prove that the amount in controversy exceeds $75,000 by a preponderance of the evidence. *See, e.g., Plunkett v. Companion Prop. & Cas. Ins. Co.*, No. 1:15-CV-474, 2016 WL 8931300, at *3 (E.D. Tex. Apr. 8, 2016) ("In situations where the petition alleges only a range of damages and not a specific amount in controversy, removal is proper if the removing party establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000.00." (citations omitted)).

To determine whether Defendant has met its burden, the Court first examines the face of the Petition to determine whether the amount in controversy likely exceeds $75,000. *Allen*, 63 F.3d at 1335. In the Petition, Plaintiff claims generally that he "suffered severe injuries," Pet. ¶ 7, and "was seriously injured," *id.* ¶ 14. Plaintiff broadly asserts damages for unidentified past and future medical expenses, past and future pain, suffering, and mental anguish, past and future physical

impairment, past and future physical disfigurement, past lost wages, and future loss of earning capacity. *Id.* The Petition provides no further information on the monetary value of Plaintiff's claims—for example, details regarding the alleged injuries, or the type, extent, and cost of medical treatment incurred. Plaintiff's nondescript general allegations do not make it facially apparent that the amount in controversy exceeds $75,000. *See, e.g., Zielinski v. Allstate Fire & Cas. Ins. Co.*, No. 3:22-CV-71-L, 2022 WL 2118981, at *5 (N.D. Tex. June 13, 2022) (noting that the use of the word "severe" to describe a plaintiff's injuries "is a relative term that is amorphous when not accompanied by supporting factual allegations").

The Fifth Circuit has found that the facially apparent test was not met when a plaintiff pleaded similar non-specific injuries. *Compare Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850-51 (5th Cir. 1999) (finding complaint did not support diversity jurisdiction when plaintiff alleged, with little specificity, damages for a severely injured shoulder, soft-tissue injuries throughout her body, bruises, abrasions, unidentified medical expenses, and plaintiff's husband's alleged loss of consortium), *with Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (affirming district court's finding that claims exceeded $75,000 when plaintiff alleged damages for "property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework after the hospitalization").

As it is not apparent from the face of the Petition that the amount in controversy exceeds $75,000, the Court looks to whether Defendant presented any summary-judgment-type evidence or any additional information to demonstrate that Plaintiff's claims likely exceed $75,000. Defendant has provided evidence, but it is insufficient to demonstrate that Plaintiff's claims likely exceed $75,000.

First, Defendant provides evidence that Plaintiff suffered bilateral meniscus tears in both knees and has undergone four intra-articular joint injections. Def.'s Br. ¶ 2. However, Defendant fails to include a critical fact: the cost of these procedures. The only evidence of costs the Court has before it comes from Plaintiff's billing affidavits. According to the affidavits, Plaintiff owes $7,275 for services provided by MRI Centers of Texas, ECF No. 1-2 at 34, and $975 for services provided by Waltham Consultants P.A., *id.* at 38. These costs are significantly below $75,000 and do not support federal jurisdiction. Defendant's argument that "Plaintiff . . . has provided no evidence that surgery will not subsequently be recommended" misses the mark. Def.'s Br. ¶ 10. As the party asserting federal jurisdiction, Defendant bears the burden to prove that the amount in controversy exceeds $75,000 by a preponderance of the evidence. *Allen*, 63 F.3d at 1335 (citation omitted). None of the medical records submitted by Defendant show that any doctor has recommended surgery. *See, e.g.*, Def.'s App. 15, 27 (reflecting that the treatment for Plaintiff's injuries thus far has been intra-articular joint injections). And Defendant has not provided the Court with the cost of any hypothetical future surgery. *See Robichaux v. Wal-Mart Stores, Inc.*, No. 16-1786, 2016 WL 1178670, at *3 (E.D. La. Mar. 28, 2016) (remanding case where defendant did "not produce any evidence of the likelihood that . . . surgery will take place or what its cost would be"); *Saucedo v. State Farm Mut. Auto. Ins. Co.*, No. DR-10-CV-001-AML-VRG, 2010 WL 11597175, at *3 (W.D. Tex. Mar. 9, 2010) (remanding case where cost of recommended surgery was "not clear from [plaintiff's pre-suit demand] letter or any other materials submitted with the Notice of Removal"), *report and recommendation adopted by* 2010 WL 11597170 (W.D. Tex. Apr. 21, 2010).

Second, Defendant argues that Plaintiff reported that he was demoted to a lower paying job due to his injury. Def.'s Br. ¶ 2. Again, Defendant has provided no evidence of Plaintiff's current

or former salary or the size of the alleged pay cut. *See Robichaux*, 2016 WL 1178670, at *4 ("Although Plaintiff requests lost earnings/wages in her petition, no summary judgment-type evidence is provided supporting a numerical figure for any lost earnings, past, present, or future[.]").

Third, Defendant argues that Plaintiff's failure to stipulate that his damages do not exceed $75,000 "raises the presumption that the amount in controversy in this case exceeds $75,000.00." Def.'s Br. ¶ 4. Plaintiff's refusal to stipulate to damages is a "factor . . . considered by the Court," but "alone it is not reason to deny remand." *Johnson v. Dillard Dep't Stores, Inc.*, 836 F. Supp. 390, 394 (N.D. Tex. 1993). Here, the Court finds that Plaintiff's failure to stipulate is not accompanied by other evidence or information sufficient to deny remand. As discussed above, Plaintiff's known costs to date are well below the jurisdictional threshold. And Plaintiff's Petition does not indicate that he seeks "statutory penalties, treble damages, or punitive damages that might amplify the amount in controversy above the $75,000 threshold." *Saucedo*, 2010 WL 11597175, at *3. Finally, the Court notes that despite Plaintiff's failure to stipulate, he responded to a Request for Admission asking him to admit that he was seeking damages in excess of $75,000 by stating, "Not at this time." Def.'s App. 55.

Considering the Petition and all of the evidence submitted by Defendant, the Court concludes that Defendant has not carried its burden to establish subject-matter jurisdiction by a preponderance of the evidence. Moreover, given binding precedent that "[t]he removal statute is . . . to be strictly construed" and that "any doubt about the propriety of removal must be resolved in favor of remand," *Gasch*, 491 F.3d at 281-82 (citation omitted), the Court must remand for lack of subject-matter jurisdiction.

### IV.    CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff's Motion for Remand [ECF No. 11]. This case is **REMANDED** to the 193rd Judicial District Court of Dallas County, Texas.

**SO ORDERED.**

SIGNED March 28, 2023.

                                                                                                      _____
                                                                                                      **KAREN GREN SCHOLER**
                                                                                                      **UNITED STATES DISTRICT JUDGE**